ANDREA T. MARTINEZ, United States Attorney (#9313)
MARGOT JOHNSON, Assistant United States Attorney (#24062891 TX)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

---

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANYA TUTTLE MIZE,<br><br>Defendant. | **UNITED STATES' MOTION FOR DETENTION**<br><br><br>Case No. 2:22-CR-00075 TC<br><br>Magistrate Jared Bennett |

☐     The United States is not seeking detention.

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or]**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

2

**Rebuttable Presumption**

☒  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒  **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐  **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐  **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐  **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐  **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

The United States moves for detention based on current information. The United States reserves the right to assert additional positions, raise additional arguments, and file additional pleadings in support of detention. Factors to be considered by the Court with regards to whether the Defendant has presented evidence to rebut the presumption and whether the United States has met its burden include: (1) the nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)); (2) the weight of evidence against the defendant (18 U.S.C. § 3142(g)(2)); (3) the history and characteristics of the defendant

4

including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings (18 U.S.C. § 3142(g)(3)(A)); (4) whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law (18 U.S.C. § 3142(g)(3)(B)); (5) the nature and seriousness of danger to any person or to the community that would be posed by the defendant's release (18 U.S.C. § 3142(g)(4)); (6) the defendant's lack of legal status in the United States; (7) the defendant's significant family or other ties outside of the United States; and (8) how the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

Here, the Defendant is a 40 year old United States citizen. She was arrested after crossing the border, going to Mexico, and bringing illegal narcotics back across the border and into the State of Utah. As such, she has ties outside of the United States. Moreover, given the potential severe consequences associated with this case given the weight of the illegal narcotics that were involved the Defendant has an incentive to avoid criminal prosecution by evading this charge.

Moreover, the Defendant has shown that she is unable to remain in the community without committing criminal acts and therefore there is a need to protect the public in this case. The Defendant has had at least 10 criminal cases against her, and her criminal history shows that in the last year her criminal behavior has increased, and she has been unable to avoid engaging in criminal behavior. The Defendant was first convicted for Driving under the Influence in 2005. In 2012 she was given a plea in abeyance for Unlawful Conduct/Massage Practice and was placed on probation. In 2014 she was convicted for Retail Theft and was sentenced to probation. In 2016 she was convicted for Interlock Driver Violation was sentenced to 45 days in jail. Three months later in December 2016 she was convicted a second time for Retail Theft. A month later, in January 2017 she was convicted for Possession of a Forgery (felony), Possession of a Controlled Substance and Possession with Intent to Distribute a Controlled Substance (felony) and was sentenced to an indeterminate sentence, suspended with 41 days to serve. Six months later in June 2017 she was convicted for Possession of a Controlled Substance. In 2021 the Defendant was convicted on three different criminal cases and has one pending case remaining. Specifically in May 2021 she was convicted for Possession of a Controlled Substance and Retail Theft. In August, in one case, she was convicted for Purchase/Transfer/Possession of a Controlled Substance. That same month she was convicted for Mail Theft and Unlawful Acquisition of a Financial Card in a separate case. Moreover, she committed the current criminal conduct during the pendency of a criminal case that remains pending where she has been charged with Theft by Receiving Stolen Property, Theft, Forgery and Mail Theft.

5

When reviewing the nature and circumstance of the offense it is clear that at the time of her arrest that the Defendant had arranged to pick up a large load of narcotics from Mexico, the Defendant had arranged to get those narcotics illegally across the United States border, and the Defendant arranged to transport those narcotics from the United States border into Utah. During a search of her vehicle, law enforcement found over 4,500 grams of methamphetamine and approximately 5,000 pills of what law enforcement believed to be Fentanyl. The Defendant poked a hole in the bag containing the pills and as a result of the exposure to the pills two officers on scene had to be taken to the hospital to get checked by a medical professional. Bringing methamphetamine and fentanyl into the United States to be distributed into the community causes significant concerns to not only the users of the narcotic who can suffer physical, mental, emotional, and psychological side effects from heroin but also to the community at large.

When reviewing the weight of the evidence against the Defendant this factor weighs in favor of detention. A probable cause search of the Defendant's vehicle revealed distributable amounts of methamphetamine and pills that law enforcement believe contain Fentanyl.

For all these reasons, the United States moves for detention in this case as the Defendant cannot rebut the presumption that there is no condition or combination of conditions that will reasonably assure his appearance as required and there is no condition or combination of conditions that will reasonably assure the safety of the community. As such, the United States Attorney's office respectfully requests that the Defendant be ordered detained pending her criminal case.

### Victim Notification

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:
☐  The victim(s) in this matter seek(s) a no contact order.

☒  This matter does not involve a victim requiring notification.

DATED this 3rd day of March, 2022.

ANDREA T. MARTINEZ
UNITED STATES ATTORNEY


*/s/ Margot Johnson*
Margot Johnson
Assistant United States Attorney